IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
5:20 CV 72 MOC WCM

| | |
|---|---|
| JAMES MELVIN TUCKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, ) <br> Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 12 & 14), which have been referred to the undersigned pursuant to 28 U.S.C. § 636.

I. Procedural Background

Plaintiff filed an application for benefits, alleging disability beginning on September 13, 2017. Transcript of the Administrative Record ("AR") at 12. Plaintiff's claims were denied initially and upon reconsideration. Id. On April 11, 2019, a video hearing was held Id. Plaintiff appeared and was represented by counsel. Id. A vocational expert ("VE") testified at the hearing by telephone. Id.

1

The Administrative Law Judge ("ALJ") subsequently issued an unfavorable decision. AR at 9-20. On April 9, 2020, the Appeals Council denied Plaintiff's request for a review of that decision. AR at 1-5.

Plaintiff filed the instant action on June 4, 2020. Doc. 1. Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel,

270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff had the following severe impairments: "left rotator cuff tear, post-surgical repair; hypertension; and degenerative changes in the cervical spine." AR at 14. The ALJ also found that Plaintiff had the RFC to perform "medium work . . . except he can no more than frequently climb ladders, ropes or scaffolds; frequently crawl; or more than occasionally reach overhead with the left, non-dominant upper extremity." AR at 17.

Applying this RFC, the ALJ concluded that Plaintiff was capable of performing his past relevant work as a salvage laborer and as a packager and therefore that Plaintiff had "not been under a disability . . . from September 13, 2017" through the date of the decision. AR at 19-20.

### IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the

3

Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Analysis

Plaintiff makes a single allegation of error—that the ALJ failed to identify and resolve conflicts between the testimony of the VE and information appearing in the Dictionary of Occupational Titles ("DOT"). Doc. 13 at 3. Specifically, Plaintiff argues that the ALJ erred by failing to ask the VE whether her testimony was consistent with the DOT, and that because a real

4

conflict existed between the DOT and the VE's testimony, this error was not harmless. Id. at 5-7.

Defendant contends that the ALJ's failure to resolve the conflict with the DOT was harmless because the VE testified that an individual with Plaintiff's RFC could perform past relevant work as Plaintiff had actually performed such work. Doc. 15 at 5.

When considering work that exists in the national economy, the Social Security Administration may take administrative notice of reliable job information from various sources, include the DOT. 20 C.F.R. § 404.1566(d). The Administration may also use VEs or other specialists in determining whether a claimant's skills can be used in other work and the specific occupations in which they can be used. 20 C.F.R. § 404.1566(e).

However, because expert testimony "can sometimes conflict with the Dictionary, the Social Security Administration has promulgated a multi-page, formal ruling to 'clarif[y the] standards for the use of vocational experts' at ALJ hearings. The Ruling requires that the ALJ 'inquire, on the record, ... whether' the vocational expert's testimony 'conflict[s]' with the Dictionary, and also requires that the ALJ 'elicit a reasonable explanation for' and 'resolve' conflicts between the expert's testimony and the Dictionary." Pearson v. Colvin, 810 F.3d 204, 207–08 (4th Cir. 2015) (internal citations omitted). In addition, the Fourth Circuit has explained that "an ALJ has not fulfilled his affirmative duty

5

'merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [*Dictionary*].' . . . The ALJ independently must identify conflicts between the expert's testimony and the *Dictionary*." Id., 810 F.3d at 208–09 (internal citations omitted).

In this case, Plaintiff's past relevant work fell under four job titles: farm laborer, salvage laborer, packager, and landscape laborer. AR at 19. The farm laborer and landscape laborer jobs, however, were eliminated from consideration because they had an exertional level higher than Plaintiff's RFC allowed. AR at 19-20.

With respect to his prior work as a salvage laborer, Plaintiff testified that he would lift 25 to 30 pounds by himself but that when he had to lift things that were 50 or 60 pounds, he would have someone helping him. AR at 39-40.

Plaintiff also testified that as a packer, he had to lift boxes weighing 20 to 30 pounds. AR at 41.

Plaintiff testified that he could lift 20 to 25 pounds with his right arm, but that he could not lift much with his left arm alone, including a gallon of milk, and that he had difficulty lifting his arm overhead. AR at 45.

In response to a hypothetical posed by the ALJ, the VE testified that a person with the limitation of "occasional overhead reaching with the left arm" would be able to perform the jobs of salvage laborer and packager, "both as generally and actually performed." AR at 54.

6

However, according to the DOT, the job of salvage laborer requires reaching "[f]requently," from one-third to two-third of the time. 929.687-022 Laborer, Salvage, DICOT 929.687-022, 1991 WL 688172. The job of packager requires reaching "[c]onstantly," two-thirds or more of the time. 920.587-018 Packager, Hand, DICOT 920.587-018, 1991 WL 687916. Reaching is defined as "[e]xtending hand(s) and arm(s) in any direction." Appendix C. Physical Demands, SCODICOT Appendix C.

As the Fourth Circuit noted in Pearson, "[a]lthough the *Dictionary* does not expressly state that the occupations identified by the expert require frequent bilateral overhead reaching, the *Dictionary*'s broad definition of 'reaching' means that they certainly *may* require such reaching." Pearson, 810 F.2d 204, 211. Thus, here there was an apparent conflict between the VE's testimony that a person who was limited to occasional overhead reaching with the left arm could perform the jobs of salvage laborer or packager, and the DOT, which states that those jobs require reaching, potentially including overhead reaching, "frequently" and "constantly," respectively.

Defendant argues, however, that any error concerning a conflict between the VE's testimony and the DOT was harmless because the VE's testimony was consistent with Plaintiff's past work as a salvage laborer and packer as Plaintiff had described it. This position is based on Plaintiff's failure to check

7

certain boxes on his work history report to indicate that those jobs required reaching. AR 301-302; Doc. 15 at 7.[1]

If the ALJ fails to make an inquiry regarding a conflict, "then the expert's testimony cannot provide substantial evidence to support the ALJ's decision. An expert's testimony that apparently conflicts with the *Dictionary* can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the Dictionary." Pearson, 810 F.3d 204, 209–10; see also Keller v. Berryhill, 754 F. App'x 193, 199 (4th Cir. 2018) (deciding, where an ALJ did not inquire into an apparent conflict between the VE's testimony and the DOT, that "[b]ecause the ALJ failed to do so, however, the VE's testimony alone cannot provide 'substantial evidence' supporting the ALJ's fifth-step finding").

Here, although the ALJ found that Plaintiff was capable of performing his past relevant work as a salvage laborer or as a packager, as such jobs are "generally and actually performed," the ALJ did not ask the VE if her testimony was in conflict with the DOT. In addition, the ALJ did not address the apparent conflict between the DOT requirements of "frequent" or "constant" reaching and Plaintiff's limitation to "occasional" reaching. For

---

[1] The form includes a section with a heading that asks "in this job, how many total hours each day did you:" with numerous details underneath it, including "reach?".

example, while Defendant argues that the VE's testimony was consistent with Plaintiff's description of his past work, the ALJ did not explain how, or whether, the absence of checks on certain lines on Plaintiff's work history form factored into her reasoning, particularly in light of her finding that Plaintiff did have a limitation as to his ability to reach.[2]

Therefore, the determination that Plaintiff was not disabled was not supported by substantial evidence. See Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019) ("An administrative law judge in a disability-benefit case has a duty to identify and resolve any apparent conflicts between the DOT and a vocational expert's testimony."); Thomas v. Berryhill, 916 F.3d 307, 313 (4th Cir. 2019), as amended (Feb. 22, 2019) ("the ALJ must ask the VE whether his or her testimony conflicts with the DOT").

---

[2] The Commissioner also seems to rely on the fact that Plaintiff did not testify at the hearing that his past work as a packager or salvage worker required overhead reaching. See Doc. 15 at 7-8. However, it does not appear that Plaintiff was asked whether those jobs required reaching.

## VI. Recommendation

For the reasons described above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 12) be **GRANTED,** that the Commissioner's Motion for Summary Judgment (Doc. 14) be **DENIED**, and that the case be **REMANDED**.

Signed: May 19, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).