UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-72-MOC-WCM

| JAMES MELVIN TUCKER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| ANDREW SAUL,<br>**Acting Commissioner of Social Security** | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (Doc. No. 18). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). The Government filed its objection within the time allowed, and Plaintiff filed a Reply. (Doc. Nos. 19, 20).

**I.     Background**

Plaintiff filed an application for benefits, alleging disability beginning on September 13, 2017. (Doc. No. 11 at 12: Tr. of the Administrative Record ("AR")). Plaintiff's claims were denied initially and upon reconsideration. (Id.). On April 11, 2019, a video hearing was held. (Id.). Plaintiff appeared and was represented by counsel. (Id.). A vocational expert ("VE") testified at the hearing by telephone. (Id.).

The Administrative Law Judge ("ALJ") subsequently issued an unfavorable decision. (AR at 9–20). On April 9, 2020, the Appeals Council denied Plaintiff's request for a review of that decision. (Id. at 1–5). Plaintiff filed the instant action on June 4, 2020. (Doc. 1). Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial

review. See 20 C.F.R. § 404.981.

After the parties filed motions for summary judgment, the Honorable W. Carleton Metcalf, United States Magistrate Judge, issued an M&R. In the M&R, Judge Metcalf analyzed the available record, including the disability decision from the State of North Carolina and the decision of the ALJ. Ultimately, Judge Metcalf recommended that the Court grant Plaintiff's summary judgment motion and remand to the ALJ for further findings on the ground that

> although the ALJ found that Plaintiff was capable of performing his past relevant work as a salvage laborer or as a packager, as such jobs are "generally and actually performed," the ALJ did not ask the VE if her testimony was in conflict with the DOT. In addition, the ALJ did not address the apparent conflict between the DOT requirements of "frequent" or "constant" reaching and Plaintiff's limitation to "occasional" reaching. For example, while Defendant argues that the VE's testimony was consistent with Plaintiff's description of his past work, the ALJ did not explain how, or whether, the absence of checks on certain lines on Plaintiff's work history form factored into her reasoning, particularly in light of her finding that Plaintiff did have a limitation as to his ability to reach.

(Doc. No. 18 at 8–9).

**II.    Standard of Review**

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200.

Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

**III.    Discussion**

In its objection, the Government concedes that the VE's testimony regarding Plaintiff's past work as generally performed "raises an unresolved apparent conflict." The Government argues, however, that, leaving aside the ALJ's finding regarding Plaintiff's past work as generally performed, substantial evidence supports the ALJ's finding that he can purportedly perform his past work as he actually performed it. See, e.g., (Def's Objs., Doc. No. 19, p. 4).

Fundamental to an ALJ's obligation in the Fourth Circuit, at least since Pearson, is the duty to confront the vocational testimony based on the evidence, not to guess at the meaning of a document or evidence and thereby base findings on lay vocational assessment. Pearson v. Colvin, 810 F.3d 204, 209–10 (4th Cir. 2015). Here, it is undisputed that the ALJ did not ask the VE whether there was any conflict between his testimony and the DOT. Although Defendant tries to distinguish between resolving apparent conflicts between the DOT and VE testimony only when the VE's testimony conflicts with the DOT, and that there is no "apparent conflict" when the ALJ relies on a VE's testimony to find that the claimant can perform their past job(s), Def. Objs., p. 4, this is only partially correct. If a VE pointedly describes a claimant's past job as not having been performed the same way as it was performed in the DOT, this creates a factual issue that may not be amenable to the "apparent conflict" analysis set forth in Pearson. This, according to Pearson, would depend upon the thoroughness and accuracy of the VE's explanation. However, as Plaintiff notes, the Court need not reach that question because the VE did no such thing.

First, as noted by the magistrate judge, the ALJ never asked the VE whether there was any conflict between his testimony and Plaintiff's description of his past job. Moreover, when asked to describe his past jobs, the VE referenced only the DOT descriptions, Tr. 53–54,[1] at no point delineating or even suggesting a difference between how those jobs are performed generally (per the DOT) and how Plaintiff performed them. In fact, on the two occasions that the VE said anything apparently referencing Plaintiff's description of his job, he seemed to say that the DOT description and his description were the same. (Id.).

Nor is there any reason to believe, if asked for more detail, that Plaintiff would have suggested otherwise. Looking at his jobs as described on the Work History Report, in one he "lifted products to load delivery van." (Tr. 298). In another, he loaded trucks and performed "shelving items," which appeared to primarily be machine parts and machinery related to welding. (Tr. 299). In his landscaper position, which he described as "constantly moving, lifting, bending, squatting, carrying stuff, all throughout the day," he did reference reaching throughout the day, and the nature of his job, which included landscaping, painting, masonry, tree topping, farming, plumbing and some roof repairs, hardly suggests that overhead reaching would not be present in those jobs. (Tr. 300). In the scrap business, he "lifted cans to put in recycle bins," again an unfortunately terse description but, again also, certainly the type of job where overhead reaching could not be thought of as a non-possibility. (Tr. 301). In short, between the fact that the VE simply never delineated between how the DOT describes Plaintiff's past work and what can be reasonably discerned from Plaintiff's descriptions, there is no reason to believe that the

---

[1] "…The first job title is a Farm Laborer, DOT code 410.684-010, SVP four, exertional level per DOT is heavy. The next is a salvage labor, DOT code 929.687-022, SVP two, exertional level per DOT claimant are both medium. The next is a packager, DOT 920.587-018, SVP two, exertional level per DOT claimant are both medium. And the last is a landscape laborer, DOT code 408.687-014, SVP two, exertional level per DOT is heavy."

ALJ considered the Work History Report as a basis to find that Plaintiff could perform any of his jobs as he actually performed them. Additionally, there is no reason for this Court to accept the Government's invitation to make a factual finding that is missing from the ALJ's decision, to "reasonably infer that [the VE] and the ALJ accepted [Plaintiff's] responses to the work history report indicating what jobs did and did not require reaching, overhead or otherwise…" (Doc. No. 19 at p. 5).

Here, the magistrate judge appropriately found that substantial evidence did not support the ALJ's decision on the ground that "the ALJ did not explain how, or whether, the absence of checks on certain lines on Plaintiff's work history form factored into her reasoning, particularly in light of her finding that Plaintiff did have a limitation as to his ability to reach." (Doc. No. 18 at p. 9 (citing Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019) ("An administrative law judge in a disability-benefit case has a duty to identify and resolve any apparent conflicts between the DOT and a vocational expert's testimony."); Thomas v. Berryhill, 916 F.3d 307, 313 (4th Cir. 2019), as amended (Feb. 22, 2019) ("the ALJ must ask the VE whether his or her testimony conflicts with the DOT")). For these reasons, this Court adopts the Report and Recommendation of the magistrate judge.

In sum, the Court overrules the Government's objection, and the Court will affirm the magistrate judge's M&R.

### III. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is consistent with and supported by current Fourth Circuit and Supreme Court case law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will affirm the M&R and grant relief in accordance

therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Objection (Doc. No. 19) is **OVERRULED**, the Memorandum and Recommendation (Doc. No. 18) is **AFFIRMED,** Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**, the Government's Motion for Summary Judgment (Doc. No. 14) is **DENIED**, and this matter is remanded in accordance with the M&R of the magistrate judge.

The Clerk of Court is instructed to enter a Judgment consistent with this opinion.

Max O. Cogburn Jr
United States District Judge

Signed: June 23, 2021